**Affirmed and Opinion Filed October 7, 2014**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-14-00558-CV

### IN RE J.N. AND K.S., CHILDREN

**On Appeal from the 304th Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. 12-1132-W**

## MEMORANDUM OPINION

Before Justices Bridges, Francis, and Lang-Miers
Opinion by Justice Bridges

A jury terminated Mother's parental rights to J.N., her son, and K.S., her daughter. In one issue, Mother asserts the trial court abused its discretion by not complying with section 104.006 of the Texas Family Code before admitting K.S.'s outcries of sexual abuse.[1] We affirm the trial court's judgment.

On October 17, 2012 the Texas Department of Family and Protective Services (the "Department") filed a petition to terminate Mother's parental rights to J.N. The supporting affidavit stated J.N. was born at twenty-eight weeks gestation and both Mother and son tested positive for cocaine. Mother admitted using cocaine two days before J.N.'s birth.

---

[1] Because Mother has not challenged the sufficiency of the evidence to support termination, a detailed explanation of the background facts is unnecessary. TEX. R. APP. P. 47.1.

On November 20, 2012, the Department filed its first amended petition seeking termination of Mother's parental rights to K.S. The supporting affidavit stated K.S. was acting out inappropriately and she routinely witnessed Mother smoke either crack or methamphetamine.

During trial, the jury heard testimony regarding Mother's drug use and her lack of commitment to rehabilitation. Testimony showed she rarely stayed at a rehab facility for more than a few days. She was removed from one facility after fraternizing with another resident. Further, Mother was diagnosed with bipolar disorder but did not take her medication regularly.

The Department tried placing J.N. with kin and fictive kin; however, Mother's disruptive behavior caused them to return J.N. on various occasions. Father specifically testified the level of disruption Mother caused rose to the level of endangerment. He also said Mother hung around a fairly dangerous criminal element, which included living next door to drug dealers.

The evidence also showed that out of thirty scheduled visits, Mother missed twenty-two of them. During three or four of the visits, Mother slept. K.S. eventually told the Department she no longer wanted to visit Mother because she did not think Mother was "doing what she was supposed to do."

The jury terminated Mother's parental rights to both children on the basis of (D), (E), and (O) of section 161.001(1) of the Texas Family Code and determined termination was in the best interest of the children.

A trial court's decision to admit evidence is reviewed for an abuse of discretion. *In re E.A.K.*, 192 S.W.3d 133, 140 (Tex. App.—Houston [14th Dist.] 2006, pet. denied). A trial court abuses its discretion when it rules without regard to any guiding rules or principles. *Id*. We must uphold a trial court's ruling if there is any legitimate basis for the ruling. *Id*.

Mother asserts the trial court abused its discretion by admitting hearsay statements without holding a hearing as required by Texas Family Code section 104.006.[2] TEX. FAM. CODE ANN. §104.006 (West 2014). The Department responds Mother failed to preserve her issue for review, and even if her issue is preserved, any alleged error is harmless.

The objectionable testimony occurred during the testimony of Amber Wooten, the CPS investigator assigned to the case, and was as follows:

> Q. Did [K.S.] ever make an outcry of any sexual abuse against her?
>
> A. Yes.
>
> Q. And what did she tell you about being sexually abused?
>
> A. She did not tell me. However, she did tell --
>
> [Attorney]: Objection, Your Honor, hearsay.
>
> THE COURT: It's an outcry.
>
> [Attorney]: She didn't tell her.
>
> THE COURT: It's an outcry. It's an exception to the hearsay rule.
>
> [Attorney]: She can't sponsor that testimony because she did not receive the outcry, Your Honor.
>
> THE COURT: Overruled.
>
> . . .
>
> Q. What did -- what did she say about what had happened to her?
>
> A. [K.S.] made an outcry that while living with a relative that she was sexually abused. She did say that individual eventually was

[2] Section 104.006 of the family code states the following:

In a suit affecting the parent-child relationship, a statement made by a child 12 years of age or younger that describes alleged abuse against the child, without regard to whether the statement is otherwise admissible as hearsay, is admissible as evidence, if in a hearing conducted outside the presence of the jury, the court finds that the time, content, and circumstances of the statement provide sufficient indications of the statement's reliability and:

(1) the child testifies or is available to testify at the proceeding in court or in any other manner provided for by law; or

(2) the court determines that the use of the statement in lieu of the child's testimony is necessary to protect the welfare of the child.

TEX. FAM. CODE ANN. §104.006.

killed. She also made an outcry that her mom had a friend that was bisexual and the guy would fondle her. [K.S.] also made an outcry that she had seen her mom smoking something in a pipe. She believed it was either --

[Attorney] : Objection, Your Honor. This testimony is hearsay and it doesn't have anything to do with an outcry of sexual abuse.

THE COURT: Overruled.

[Attorney]: You can finish.

A. She also made outcries during the investigation that she had witnessed her mom smoking something out of a pipe. She believed it was either crack or methamphetamines.

We agree with the Department that Mother has failed to preserve her issue for review.

Texas Rule of Appellate Procedure 33.1 requires "a timely, specific objection and a ruling by the trial court" to preserve the complaint for appellate review. TEX. R. APP. P. 33.1; *Wilson v. State*, 71 S.W.3d 346, 349 (Tex. Crim. App. 2002). Additionally, the complaint on appeal must comport with the objection at trial. *Id.*

Mother's only objection at trial was that the testimony was hearsay. She neither based her objection on section 104.006 of the family code, nor did she request a hearing. Mother admits she did not specifically articulate a section 104.006 objection, but argues it "would have been apparent from the context, as the Texas Rules of Evidence do not cover child outcries and the Texas Code of Criminal Procedure does not apply to civil proceedings." We do not agree.

Mother objected to hearsay, and the record clearly indicates the trial court overruled her objection because the statements were outcries and therefore fell within an exception to the hearsay rule. Mother then argued Wooten could not sponsor the testimony because she did not receive the outcry. Based on counsel's objections and follow up argument, we cannot say it would have been apparent to the trial court that Mother was objecting on a failure to hold a hearing under section 104.006. As such, Mother failed to make a specific objection as required by Texas Rule of Appellate Procedure 33.1. TEX. R. APP. P. 33.1; *see, e.g., In re L.M.*, No. 10-

–4–

11-00276-CV, 2012 WL 1123898, at *2 (Tex. App.—Waco Apr. 4, 2012, pet. dism'd w.o.j.) (mem. op.) (concluding issue regarding trial court's failure to hold a hearing under section 104.006 was waived when nothing in record indicated trial court was ever requested to conduct a hearing). Moreover, Mother's hearsay complaint at trial does not comport with her complaint on appeal regarding the trial court's failure to hold a hearing. Accordingly, we conclude Mother has waived her issue.

Even assuming Mother preserved her objection and a hearing was statutorily required under section 104.006, any alleged error would be harmless. To establish harm, Mother must show the error was reasonably calculated to cause and probably did cause the rendition of an improper judgment. TEX. R. APP. P. 44.1; *In re E.A.K.*, 192 S.W.3d at 148. Error in the admission of evidence is generally deemed harmless if the same or similar evidence is subsequently introduced without objection. *In re E.A.K.*, 192 S.W.3d at 148.

Here, Nova Marshall, a case worker, testified without objection, that K.S. was sexually abused when Mother sent her away. Thus, Wooten's statement that K.S. made an outcry about being sexually abused while living with someone else came in without objection later in the record. Mother cannot establish she was harmed by this statement.

We acknowledge the testimony regarding a bisexual male fondling her did not come in through other testimony; however, based on the record, we cannot conclude this evidence alone probably caused the rendition of an improper judgment. *See In re S.P.*, 168 S.W.3d 197, 210 (Tex. App.—Dallas 2005, no pet.) (noting a successful challenge to a trial court's evidentiary ruling usually requires the complaining party to show the judgment turns on the particular evidence admitted). The jury heard testimony of K.S.'s "acting out behaviors" that were not appropriate for a fourteen-year-old. She acted out sexually, sent inappropriate text messages to

men, and Skyped naked. A relative told CPS K.S. "had just seen too much by the age of nine." The jury could infer that such behavior stemmed from K.S.'s previous sexual abuse.

Furthermore, it is clear from the record as a whole K.S.'s exposure to sexual abuse was not the emphasis for termination of Mother's rights. In fact, during closing argument, the Department argued there were certain "themes" running throughout the case, which included drug use, mental illness, violence, and injury. K.S.'s sexual abuse was not even mentioned during closing arguments. Thus, Mother has failed to establish that termination of her parental rights probably turned on the admission of one statement. Accordingly, we overrule Mother's sole issue.[3]

The judgment of the trial court is affirmed.

140588F.P05

/David L. Bridges/
DAVID L. BRIDGES
JUSTICE

---

[3] Mother admits in her brief that testimony regarding K.S. seeing her smoke something in a pipe came in elsewhere without objection and, therefore, that testimony is harmless. As such, we need not address it. TEX. R. APP. P. 47.1.



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

IN RE J.N. AND K.S., CHILDREN

No. 05-14-00558-CV

On Appeal from the 304th Judicial District Court, Dallas County, Texas
Trial Court Cause No. 12-1132-W.
Opinion delivered by Justice Bridges.
Justices Francis and Lang-Miers participating.

In accordance with this Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

It is **ORDERED** that the State recover its costs of this appeal from Tametra Nunn.

Judgment entered October 7, 2014